Dismissed and Memorandum Opinion filed March 11, 2010.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-10-00172-CR

____________

 

Reynaldo alexis saravia, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 23rd District Court

Brazoria County, Texas

Trial Court Cause No. 58,851

 



 

M E M O R
A N D U M   O P I N I O N

A jury convicted appellant of murder. The trial court sentenced
appellant to confinement for twenty years in the Institutional Division of the
Texas Department of Criminal Justice on August 20, 2009. No motion for new
trial was filed. Appellant did not file his pro se notice of appeal
until February 5, 2010.

A defendant=s notice of appeal must be filed within thirty days after
sentence is imposed when the defendant has not filed a motion for new trial. See
Tex. R. App. P. 26.2(a)(1). A
notice of appeal that complies with the requirements of Rule 26 is essential to
vest the court of appeals with jurisdiction. Slaton v. State, 981 S.W.2d
208, 210 (Tex. Crim. App. 1998). If an appeal is not timely perfected, a court
of appeals does not obtain jurisdiction to address the merits of the appeal.[1] Id. Because appellant’s
notice of appeal is untimely, we have no jurisdiction to take any action in
this appeal but to dismiss it. See id. 

Accordingly, the appeal is ordered dismissed.

 

PER CURIAM

 

Panel consists of Chief Justice
Hedges and Justices Anderson and Christopher.

Do Not Publish — Tex. R. App. P. 47.2(b).

 









[1]  Appellant
may pursue an out-of-time appeal by filing an application for writ of habeas
corpus returnable to the Court of Criminal Appeals. See Tex.Code Crim.
Proc. art. 11.07 (Vernon 2005); Ater v. Eighth Court of Appeals, 802
S.W.2d 241, 243 (Tex. Crim. App. 1991).